IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff / Respondent, | ) | |
| | ) | |
| v. | ) | Case No. 10-20024-02-JWL |
| | ) | |
| JAVIER PONCE-ACEDO, | ) | |
| | ) | |
| Defendant / Petitioner. | ) | |
| | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter is presently before the Court on defendant Javier Ponce-Acedo's pro

se Motion to Remand for Resentencing (Doc. # 115). For the reasons set forth below,

the Court concludes that defendant is not entitled to relief, and his motion, which the

Court deems a petition for relief under 28 U.S.C. § 2255, is **denied**.

I.      **Background**

A jury convicted defendant of maintaining or making available his residence for

the purpose of distributing methamphetamine, in violation of 21 U.S.C. § 856(a); and of

being an illegal alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5).

The jury acquitted defendant of charges of a conspiracy to distribute and possess with

intent to distribute 50 grams or more of methamphetamine; possession with intent to

distribute five grams or more of methamphetamine; and possession of a firearm in

furtherance of a drug-trafficking offense. The Court then sentenced defendant to concurrent terms of imprisonment of 188 months on the drug-residence charge and 120 months (the statutory maximum) on the firearm charge.

On appeal, the Tenth Circuit affirmed defendant's conviction and sentence, rejecting various arguments relating to his sentencing. Specifically, the Tenth Circuit held that sufficient evidence of defendant's participation in the underlying drug offense supported this Court's determination of the applicable sentencing guideline; that the Court properly attributed certain drugs found in a patrol car to defendant, and thus properly determined the drug quantity attributable to defendant and the applicable offense level; and that the Court properly followed the guidelines in sentencing defendant on the firearm charge. The Tenth Circuit declined to consider defendant's claim of a *Brady* violation because defendant had not raised that issue in this Court. *See United States v. Mata-Rodriguez*, 445 F. App'x 80 (10th Cir. Oct. 21, 2011).

## II.    Analysis

Defendant has filed a pro se pleading titled "Motion to Remand for Resentencing." Defendant purports to base his motion on the Supreme Court's opinions in *United States v. Booker*, 543 U.S. 220 (2005), and *Blakely v. Washington*, 542 U.S. 296 (2004). In the motion, however, defendant asserts bases for vacating his sentence. Thus, the Court deems defendant's motion to be a petition for relief under 28 U.S.C. § 2255. *See, e.g.*, *United States v. Herrera*, 216 F. App'x 809, 810-11 (10th Cir. Feb. 15,

2007) (arguments under *Booker* and *Blakely* must be made by petition pursuant to Section 2255).

Section 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *See* 28 U.S.C. § 2255(b). The Court addresses defendant's arguments in turn.

First, to the extent that defendant makes a *Booker*-type argument that the jury should have determined the drug quantity attributed to him, the Court denies that basis for relief. Because defendant's sentence did not exceed the twenty-year statutory maximum for the drug offense found by the jury, *see* 21 U.S.C. § 856(b), any finding concerning the quantity attributable to defendant need not have been submitted to the jury, and the Court was entitled to make any such necessary finding at sentencing. *See Harris v. United States*, 536 U.S. 545, 563-64 (2002).

Second, defendant challenges the "sufficiency of the evidence" that "defendant was part of the drug-trafficking offense." To the extent that defendant is challenging the sufficiency of the evidence supporting his drug conviction, that argument is rejected. As the Government notes, defendant did not raise the sufficiency of the evidence supporting his convictions in his direct appeal. "A defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion, unless he can show cause for

3

his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur is his claim is not addressed." *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994). Defendant has made neither showing here. In support of his argument, defendant notes his acquittal on the conspiracy and possession charges, but the drug residence offense was based on a separate charge that did not depend on commission of the other charged offenses. Moreover, ample evidence supported this conviction. For instance, defendant resided at the house in question, and drugs and items associated with drug trafficking were found at the house.

The Court also denies this basis for relief to the extent that defendant argues that the evidence was not sufficient to support the Court's drug-quantity finding at sentencing or the Court's finding that defendant participated in the underlying drug offense. On appeal, the Tenth Circuit rejected defendant's argument relating to the attribution to him of drugs found in a patrol car, and "issues disposed of on direct appeal will not be considered on a collateral attack by a motion pursuant to § 2255." *See United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989). The other amounts attributed to defendant at sentencing were amounts involved in a controlled purchase by an informant at the residence and amounts found in a search of the residence. The Tenth Circuit also specifically held that there was sufficient evidence of defendant's participation in drug dealing, even in the face of defendant's argument that the jury had acquitted him of the other drug charges. *See Mata-Rodriguez*, 445 F. App'x at 86 ("But an acquittal does not

4

bind the court at sentencing."). Accordingly, there is no basis for relief.

Third, the Court rejects defendant's argument that he should have received a deduction under the sentencing guidelines for his minimal or minor role in the offense. Defendant neglected to raise this issue at sentencing or on direct appeal. Moreover, even if the issue had been raised, the Court would not have applied such a deduction in this case.

A minimal or minor participant adjustment is available only to "a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." *See* U.S.S.G. § 3B1.2 cmt. n.3(A), *quoted in United States v. Martinez*, 512 F.3d 1268, 1275 (10th Cir. 2008). This determination depends on the facts of the particular case, and the Court, "in weighing the totality of the circumstances, is not required to find, based solely on the defendant's bare assertion, that such a role adjustment is warranted." *See* U.S.S.G. § 3B1.2 cmt. n.3(C), *quoted in Martinez*, 512 F.3d at 1275.

The Court cannot say that defendant was substantially less culpable than the average participant in this drug-trafficking offense. As noted by the Tenth Circuit, the evidence of defendant's participation in drug dealing included evidence that defendant had been brought drugs several times; that he was seen dealing drugs many times; that he had discussed his dealing methamphetamine; that methamphetamine and drug-dealing paraphernalia were found throughout defendant's residence, including in a jacket in defendant's bedroom; and that a firearm was found in a cabinet containing shampoo for

5

defendant's child. *See Mata-Rodriguez*, 445 F. App'x at 86. Based on this evidence, the Court would not have applied a minimal- or minor-role deduction in sentencing defendant. This is true even given defendant's acquittals on the other charges, as such acquittals do not bind this Court at sentencing, as the Tenth Circuit pointed out in the appeal in this case. *See id.*

Fourth, the Court denies defendant's claim that his counsel was ineffective in various ways. Defendant argues that at sentencing his counsel should have noted defendant's acquittal on the charge of possessing a firearm in furtherance of a drug-trafficking offense, and that as a result defendant received a ten-year sentence for the conviction for being an illegal alien in possession of a firearm. Defendant has not explained, however, how that acquittal could have affected the determination of his sentence on the separate firearm charge of which he was convicted. On appeal, the Tenth Circuit affirmed the Court's determination of the sentence for the firearm charge. Accordingly, defendant cannot establish either that his counsel's performance was deficient in this regard or that he suffered the requisite prejudice. *See United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) ("To establish ineffective assistance of counsel, [a] [d]efendant must show 'that counsel's representation fell below an objective standard of reasonableness' and that he was prejudiced by the deficient performance.") (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)).

Defendant also argues that his counsel should have sought a deduction at sentencing for his minor or minimal role in the offense. As explained above, however,

6

the Court would not have allowed such a deduction in applying the guidelines; accordingly, defendant suffered no prejudice from his counsel's failure to make such an argument.

Nor can defendant show prejudice from his counsel's alleged failure to stress the acquittals in opposing the quantity of drugs attributed to defendant at sentencing. As explained above, acquittals do not necessarily affect sentencing. Counsel did challenge the quantity attributed to defendant, including on appeal, and counsel also argued the fact of the acquittals on appeal. This Court would have made the same finding regarding quantity even if counsel would have more vociferously stressed defendant's acquittals on the other drug charges.

Finally, defendant argues that his counsel should have raised an issue under *Brady*. The entirety of defendant's claim in this regard reads as follows:

> Defendant also urges the court to recognize that [defendant's] counsel failed to challenge Brady material which allows an uncreditable [*sic*] informant to use purjured [*sic*] information which even the jury refuses to use to convict defendant to 2 drug convictions which [were] initially dismissed by the jury.

"To establish a *Brady* violation, the defendant must prove that the prosecution suppressed evidence, the evidence was favorable to the defense, and the evidence was material." *United States v. Erickson*, 561 F.3d 1150, 1163 (10th Cir. 2009). In making this claim, however, defendant has neither identified any particular evidence withheld nor provided any basis to believe that the Government had any favorable evidence regarding the credibility of the informant who testified at trial. Such a conclusory

allegation is not sufficient to establish an entitlement to relief. *See, e.g., Anderson v. Attorney Gen'l of Kan.*, 425 F.3d 853, 860-61 (10th Cir. 2005) (dismissal where petitioner failed to support conclusory allegations); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) ("Although we must liberally construe Defendant's pro se petition, we are not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments.") (citation omitted).

Accordingly, the Court denies defendant's petition for relief in its entirety.[1]

### III.    Certificate of Appealability

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2] To satisfy this standard, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional

---

[1]Because the motion and records of this case conclusively show that defendant is not entitled to relief, the Court need not conduct a hearing on his claims. *See* 28 U.S.C. § 2255(b).

[2]The denial of a Section 2255 petition is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

claims debatable or wrong." *See Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). For the same reasons stated above, defendant has not made a substantial showing of the denial of a constitutional right; the Court therefore denies a certificate of appealability with respect to the claims asserted in defendant's petition.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Remand for Resentencing (Doc. # 115), which motion is deemed a petition for relief under 28 U.S.C. § 2255, is **denied**.

IT IS SO ORDERED.

Dated this 4th day of March, 2013, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge